PERRY M. GOLDBERG (CA Bar No. 168,976)
PROGRESS LLP
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 697-7200
goldberg@progressllp.com

Attorneys for Plaintiff GENNCOMM, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GENNCOMM, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SPIN MASTER CORP., a Canadian corporation; SPIN MASTER, INC., a Delaware corporation; DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-03051**<br><br>**GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GennComm, LLC ("GennComm") hereby submits this Complaint for patent infringement against Defendants Spin Master Corp., Spin Master, Inc., and DOES 1-10 (collectively, "Defendants).

## JURISDICTION AND VENUE

1.      This is an action for patent infringement, under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction over GennComm's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has specific personal jurisdiction over Defendants because Defendants have established minimum contacts with this forum, purposefully directed their infringing activities at this District, and the claims alleged herein arise out of and relate to those forum-directed activities.

3.      This Court has specific personal jurisdiction over Defendant Spin Master, Inc. because it purposefully avails itself of the privileges of conducting business in the State of California and this District. Spin Master, Inc. systematically and continuously conducts business in this District, including by maintaining a massive operational hub in Los Angeles County, from which it coordinates the marketing, licensing, and distribution of the accused products.

4.      This Court has specific personal jurisdiction over Defendant Spin Master Corp. (the Canadian parent) because, as pleaded below, it operates as an integrated enterprise with its subsidiary, Spin Master, Inc. Spin Master Corp. purposefully directs its infringing activities into this District by utilizing Spin Master, Inc. as its domestic agent and alter-ego. Furthermore, Spin Master Corp. purposefully oversees a global supply chain that places the accused products into the stream of commerce with the knowledge, expectation, and intent that they will be heavily marketed, distributed, and sold to consumers within the Central District of California.

5.      Defendants have committed, and continue to commit, acts of patent infringement within the State of California and this District. Defendants make, use, sell, offer for sale, and/or import the accused products within this District in violation of 35

U.S.C. § 271. Upon information and belief, Defendants actively distribute the accused products to major brick-and-mortar retail locations and regional e-commerce fulfillment centers throughout this District, resulting in direct, continuous sales to consumers within the forum.

6.    Venue is proper within this judicial district under 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this district and has an established place of business in this district.

7.    Specifically, Spin Master, Inc. maintains a permanent, regular, and established place of business at its sprawling corporate campus at "The Collective" in Playa Vista, California (including the facilities located at 11975, 11985, and 11995 West Bluff Creek Drive). This multi-building location serves as a primary creative, entertainment, and operational hub for Defendants, housing personnel who are directly involved in the ongoing design, marketing, and commercialization of the accused products.

8.    Venue is proper in this District as to Defendant Spin Master Corp. under 28 U.S.C. § 1391(c)(3), which provides that a defendant not resident in the United States, including a foreign corporation, may be sued in any judicial district. Furthermore, the regular and established place of business maintained by its domestic alter-ego and agent, Spin Master, Inc., is properly imputed to Spin Master Corp. for the purposes of establishing venue.

## NATURE OF ACTION

9.    GennComm asserts that Defendants have willfully infringed upon GennComm's United States Patent No. 10,596,475 (the "'475 Patent").

## THE PARTIES

10.    GennComm is a limited liability company organized and existing under the laws of the State of California and is headquartered in Los Angeles County.

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

11.   Upon information and belief, Spin Master Corp. and Spin Master, Inc. operate as a single, highly integrated business enterprise with respect to the design, manufacture, marketing, importation, and sale of the accused products.

12.   Upon information and belief, Spin Master Corp. exercises pervasive control over the operations, product development, and supply chain of Spin Master, Inc., such that Spin Master, Inc. acts as the mere agent or instrumentality of its parent corporation in the United States.

13.   Upon information and belief, Defendants share overlapping executive leadership, consolidate their financial reporting, and utilize unified global marketing and distribution channels to commercialize the accused products.

14.   Accordingly, the acts of patent infringement alleged herein—including the manufacturing of the accused products abroad by Spin Master Corp. and the subsequent importation, offering for sale, and sale of those products within this District by Spin Master, Inc.—are jointly coordinated, directed, and executed on behalf of the integrated Spin Master enterprise.

15.   GennComm does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1-10, inclusive.  GennComm therefore sues them by use of fictitious names.  GennComm is informed and believes that Doe Defendants 1 through 10 are affiliated in some manner with the Spin Master enterprise and have direct, contributory, or vicarious responsibility for the wrongful act as alleged herein.  GennComm will amend this pleading appropriately once the true names and capacities of the Doe Defendants 1-10 are learned. As used below with respect to GennComm's patent infringement counterclaims, the term "Spin Master" shall collectively refer to named defendants Spin Master Corp., Spin Master, Inc., and the DOES 1-10.

**PATENTS-IN-SUIT**

16.    U.S. Patent No. 10,596,475 (the "'475 Patent") was duly and legally issued on March 24, 2020 by the United States Patent and Trademark Office and is owned by GennComm. The '475 Patent is entitled "Plush Stuffed with Molded or Sculpted Foam."

**BACKGROUND**

17.    GennComm is a product development company specializing in the toy industry.  Recognizing the "squishy" trend in the toy industry, GennComm developed a concept for a plush toy filled with a character-shaped, slow-rise foam.  GennComm called the concept "Pop Up Plush™."

18.    GennComm was aware that Spin Master was a very successful company in the toy industry. GennComm believed Spin Master would recognize the concept's value and would be able to make it a huge success.

19.    GennComm shared its concept with Spin Master in 2017 but Spin Master declined to enter into any commercial arrangement relating to the concept. At the time, and as Spin Master was well aware, GennComm did not have any issued patents.

20.    After Spin Master turned down the opportunity, GennComm entered into an agreement with Beverly Hills Teddy Bear Company ("BHTB") regarding the concept. BHTB launched several lines comprising character-shaped memory-foam covered in plush. The toys, mostly sold as "Squeezamals®," were a huge success.

**COUNT I**

**(Infringement of the '475 Patent)**

21.    GennComm repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraph.

22.    Defendants have infringed and continues to infringe one or more claims of the '475 Patent, including but not limited to exemplary claim 2, pursuant to 35 U.S.C. section 271(a), at least by without authority offering to sell and/or selling the product within the United States or importing that product into the United States.

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

23.    Claim 2 of the '475 Patent, which incorporates the limitations of Claim 1, claims the following:

"A plush toy comprising:

a foam inner formed into a first shape comprising a compressible foam material having an outer surface, the foam inner having a natural size when unconstrained;

a flexible outer covering having a second shape aligned with the first shape of the foam inner and entirely surrounding the foam inner and having an unconstrained size smaller than the natural size of the foam inner, the outer covering having an inner surface for contacting the foam inner, and an outer surface;

the plush toy having

a first uncompressed form with a natural size and shape wherein the inner foam is at least partially compressed and constrained by the outer covering and does not achieve its natural size; and

a plurality of compressed forms smaller than the unconstrained forms;

wherein when the plush toy is compressed to a one of the compressed forms, upon release the foam inner expands back toward its unconstrained size and the plush toy thereby expands to the uncompressed form with the natural size and shape of the plush toy.

wherein the foam inner is compressible to at least 33% of the natural size.

24.    The Spin Master products sold as "Pusheen Round Plush Squishy Assortment," "Gudetama Squishies," and "Line Friends / BT21" (collectively, the "Spin Master Products") meet each of the limitations of exemplary Claim 2. GennComm believes that numerous other Spin Master products also meet each of the limitations of exemplary Claim 2.

25.    The Spin Master Products are each a plush toy comprising a foam inner, specifically, polyurethane foam.

26.    The foam is formed into a character shape.

5

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

27.   The foam is compressible, has an outer surface, and has a natural size when unconstrained.

28.   The Spin Master Products each have a flexible outer covering shaped to and aligned with the character shape of the foam inner and entirely surrounding the foam inner and having an unconstrained size smaller than the natural size of the foam inner.

29.   The outer covering has an inner surface for contacting the foam inner, and an outer surface.

30.   The Spin Master Products each have a first uncompressed form with a natural size and shape wherein the inner foam is at least partially compressed and constrained by the outer covering and does not achieve its natural size; and a plurality of compressed forms smaller than the unconstrained form.

31.   When the Spin Master Products are compressed to one of the compressed forms, upon release the foam inner expands back toward its unconstrained size and the plush toy thereby expands to the uncompressed form with the natural size and shape of the plush toy.

32.   The foam inner of the Spin Master Products can be compressed to at least 33% of its natural size.

33.   On information and belief, Defendants have been well aware of GennComm's '475 Patent since the date the patent issued (March 24, 2020).

34.   Defendants' conduct constitutes willful infringement.

35.   GennComm is entitled to damages in accordance with 35 U.S.C. sections 271, 281, 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GennComm, LLC prays for relief as follows:

1.   That the Court declare that Defendants have infringed the '475 Patent;

2.   That the Court award damages adequate to compensate GennComm for Defendants' infringement;

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

3.   That the Court award prejudgment and post-judgment interest;

4.   That the Court order an accounting of all infringing sales and other infringing acts by Defendants, and an order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts;

5.   That the Court declare that Defendants' infringement of the '475 Patent has been willful;

6.   That the Court deem this to be an exceptional case as defined by 35 U.S.C. section 285;

7.   That the Court award GennComm its reasonable attorneys' fees;

8.   That the Court award GennComm its costs of suit; and

9.   That the Court award GennComm such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: March 20, 2026          By:   /s/ Perry Goldberg
                               PERRY GOLDBERG (CA Bar No. 168,976)
                               PROGRESS LLP
                               12121 Wilshire Blvd., Suite 810
                               Los Angeles, California 90025
                               Telephone: (310) 697-7200
                               goldberg@progressllp.com

                               Attorneys for Plaintiff GennComm, LLC

7
GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-Plaintiff GennComm, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: March 20, 2026          By:    /s/ Perry Goldberg
                                      PERRY GOLDBERG (CA Bar No. 168,976)
                                      PROGRESS LLP
                                      12121 Wilshire Blvd., Suite 810
                                      Los Angeles, California 90025
                                      Telephone: (310) 697-7200
                                      goldberg@progressllp.com

                                      Attorneys for Plaintiff GennComm, LLC

GENNCOMM'S COMPLAINT FOR PATENT INFRINGEMENT